UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 9:23-cr-80185-DMM

UNITED STATES OF AMERICA

vs.

JA'KEVIOUS RI'SHAAD VICKERS,

Defendant.
_____/

FILED BY ____SW____ D.C.

**Dec 21, 2023**

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - WPB

## STIPULATION OF FACTS AND ACKNOWLEDGMENT OF OFFENSE ELEMENTS IN SUPPORT OF GUILTY PLEA

The United States of America, by and through its undersigned Assistant United States Attorney, and JA'KEVIOUS RI'SHAAD VICKERS (hereinafter referred to as "VICKERS" or "the Defendant"), together with his counsel, admit that the government can prove the allegations contained in Counts 1, 5, and 11 of the Indictment, which charge: conspiracy to commit bank fraud, in violation of Title 18, United States Code, Section 1349 (Count 1); bank fraud, in violation of Title 18, United States Code, Section 1344 (Count 5); and aggravated identity theft, in violation of Title 18, United States Code, Section 1028A(a)(1) (Count 11). The Defendant stipulates that those allegations and the following recitation of the facts shall constitute the underlying factual basis. These facts are not all of the facts known to the government in this case and are offered merely to provide a sufficient factual basis to support the defendant's guilty plea:

On April 27, 2022, Palm Beach County Sheriff's Office conducted a traffic stop on a vehicle. Upon meeting with the driver and two other occupants of the vehicle, one of whom was co-defendant Naim Kahook, the front seat passenger Ja'kevious VICKERS was discovered to have felony amount of marijuana on his person and there were also firearms in the vehicle.

A search of VICKERS and a bag he was wearing produced among other things, seven counterfeit checks totaling approximately $431,090 and two debit cards in other peoples' names. Each counterfeit check had been signed in the

payee's name, on the back of the check. The two recovered debit cards had a valid JPMorgan Chase ("Chase") account number and were each embossed with a name "S.J.B." and "E.M.M." that matched a payee listed on checks found on VICKERS's person. These checks were purported to be drawn on a SunTrust bank account owned by a non-profit organization. Law enforcement later contacted this organization who was the purported payor listed on all of the checks found in VICKERS' cross-body bag, and the organization confirmed that these checks were counterfeit.

A search warrant was obtained for VICKERS's phones that were found during the aforementioned traffic stop, which showed numerous conversations between VICKERS and others regarding personal identifying information ("PII") belonging to third parties such as names, dates of birth, social security numbers, and bank account numbers. For example, extensive conversations and sharing of PII took place between KAHOOK and Vickers as they regularly discussed depositing fraudulent checks and withdrawing money. Moreover, a spreadsheet style document was found in VICKERS's phone that contained the PII of approximately 5,000 individuals.

Law enforcement later obtained warrants for VICKERS's social media accounts. Search warrant returns included data for Vickers' Instagram account "vicktuff," which showed large amounts of messages between VICKERS and others in which they discussed opening bank accounts to use for the depositing of counterfeit checks and splitting money received from the fraud.

On March 9, 2023, law enforcement later executed a search warrant at VICKERS's residence in Wellington, Florida where they found, among other things, more than 150 checks, the face value which exceeded $850,000, numerous debit cards, printers, blank check stock paper, a list of PII belonging to numerous people, and numerous bank documents.

On or about June 23, 2022, fictitious check number 2499550, payable to G-Shine Auto-Detailing LLC, for $87,215, drawn against the Truist bank account of the company identified as "Corporation 1" in the Indictment, was deposited into a Truist account ending in 6392 that co-defendant Gregory Ashley controlled. The signature of the payor on the check bore a name with the initials "C.C." as identified in Count 11 of the Indictment. The person identified as C.C. from Corporation 1 later confirmed to law enforcement that he did not write this check and that it was false or fraudulent. On or about June 24, 2022, three outgoing wire transfers, for (1) $7,000, (2) $9,800 and (3) $9,800 (total $26,600) were made from Ashley's Truist Bank account ending 6392 to a Chase account ending 5949, which was under the name of Vick Tuff Records

and had VICKERS as the sole signer and owner of the account. Also on June 24, 2022, Vickers can be seen on ATM surveillance video making withdrawals from Ashley's account ending 6392 into which the fraudulent check had been deposited. On or about June 27, 2022, the check was returned by the bank for being altered or fictitious.

The banks referenced herein and in the Indictment such as Chase Bank and Truist were federally insured by the Federal Deposit Insurance Corporation at all times relevant to these charges.

I am aware of and understand the nature of the charges to which I am pleading guilty, because I have discussed the charges and what the prosecutor must prove to convict me with my attorney. I understand that the United States must prove the following facts (or "elements") of the offense beyond a reasonable doubt:

Title 18, United States Code, Section 1349, conspiracy to commit bank fraud:

    (1) two or more persons, in some way or manner, agreed to try to accomplish a common and unlawful plan to commit bank fraud, as charged in the indictment; and

    (2) the Defendant knew the unlawful purpose of the plan and willfully joined in it;

Title 18, United States Code, Section 1344, bank fraud:

    (1) the Defendant knowingly carried out or attempted to carry out a scheme to defraud a financial institution, or to get money, assets, or other property from a financial institution, by using false or fraudulent pretenses, representations, or promises about a material fact;
    (2) the false or fraudulent pretenses, representations, or promises were material;
    (3) the Defendant intended to defraud the financial institution; and
    (4) the financial institution was federally insured.

Title 18, United States Code, Section 1028A(a)(1), aggravated identity theft:

    (1)  the Defendant knowingly transferred, possessed, or used another person's means of identification;
    (2)  without lawful authority; and

(3) during and in relation to the eligible felony alleged in Count 5 of the Indictment.

I agree that the facts contained in this document are sufficient to prove these elements beyond a reasonable doubt.

MARKENZY LAPOINTE
UNITED STATES ATTORNEY

Date: 12/21/23   By: _____
MARTON GYIRES
ASSISTANT UNITED STATES ATTORNEY

Date: 12/21/23   _____
SCOTT SKIER
ATTORNEY FOR DEFENDANT

Date: 12/21/23   _____
JA'KEVIOUS RI'SHAAD VICKERS
DEFENDANT